ALLEN, Judge.
One child was born of the marriage between the parties to this marriage dissolution action. The child was born after the parties separated in January of 1989, but before the entry of the final judgment of dissolution in November of 1989. At the time of the child’s birth, the wife used her maiden name as the child’s surname. The final judgment provided that the parties *25 would have shared parental responsibility, but that the wife would be the primary residential parent. The final judgment also required the wife to cause the child’s birth certificate to be amended to change the child’s surname to that of the husband. On appeal, the wife contends that the trial court erred in requiring her to amend the child’s birth certificate. We agree and reverse that portion of the final judgment. We disagree, however, with the wife’s contention that the trial court erred in refusing to grant her request for post-judgment alimony.
Section 382.013(5)(a), Florida Statutes, provides:
If the mother is married at the time of birth, the mother and the father as entered on the birth certificate shall select the given names and surname of the child if both parents will have custody of the child, otherwise, the parent who will have custody shall select the given names and surname of the child.
(Emphasis supplied). Although shared parental responsibility was ordered in this case, the wife was named as the primary residential parent. The primary residential parent is the custodial parent. Section 61.-046(1), Florida Statutes. Since the wife was the custodial parent, Section 382.-013(5)(a) gave her the right to name the child, and the trial court was without authority to override the wife’s decision.
The wife also argues that the trial court erred in refusing to grant her request for post-judgment alimony. We find the decision on this issue to have been within the sound discretion of the trial court.
Accordingly, we reverse that portion of the final judgment requiring the wife to cause the child’s birth certificate to be amended, and we remand this cause to the trial court with directions that such provision be deleted from the final judgment. In all other respects, the final judgment is affirmed.
ERVIN and NIMMONS, JJ., concur.